**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OREGON ASSOCIATION OF HOSPITALS AND HEALTH SYSTEMS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>STATE OF OREGON, OREGON HEALTH AUTHORITY, and DR. SEJAL HATHI, in her official capacity as Director of Oregon Health Authority,<br><br>Defendants-Appellees, | No. 24-3770<br><br>D.C. No. 3:22-cv-01486-SI<br><br>MEMORANDUM* |

On Appeal from the United States District Court
for the District of Oregon
Hon. Michael H. Simon, presiding

Argued and Submitted June 9, 2025
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Oregon Association of Hospitals and Health Systems appeals the district court's grant of summary judgment for Defendants-Appellees State of Oregon, Oregon Health Authority ("OHA"), and its Director, Dr. Sejal

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hathi. Appellant alleged that Oregon's Health Care Market Oversight law (codified at Or. Rev. Stat. §§ 415.500–.900 (2025)), is void for vagueness under the Due Process Clause of the Fourteenth Amendment and violates the non-delegation clause of the Oregon constitution.[1] Broadly speaking, the statute requires a qualifying "health care entity" to provide notice to OHA of a proposed "material change transaction" (i.e., a merger, acquisition, or other qualifying entity reformation) and vests OHA with the authority to approve, approve with conditions, or disapprove the proposed transaction based on criteria defined by statute and administrative rule. *See* Or. Rev. Stat. §§ 415.500–.900.

We have jurisdiction to review the district court's final order under 28 U.S.C. § 1291. We review the court's grant of summary judgment de novo. *Bahreman v. Allegiant Air, LLC*, 122 F.4th 1155, 1158 (9th Cir. 2024) (citation omitted). Because there is "no genuine dispute as to any material fact" regarding whether the statute is void for vagueness, we affirm. Fed. R. Civ. P. 56(a).

1. Appellant does not have Article III standing to challenge the term "health care entity" because Appellant's membership—hospitals and hospital systems—clearly falls within the statutory definition. Or. Rev. Stat. § 415.500(4)(a)(B). Subject to exceptions not at issue here, a plaintiff does not have

---

[1] In granting summary judgment on Appellant's void-for-vagueness claim, the district court declined to exercise supplemental jurisdiction over the state non-delegation claim. Thus, we do not examine that claim on appeal.

2　　　　　24-3770

standing to challenge a law by arguing that it "would be unconstitutionally applied to different parties and different circumstances from those at hand." *Sabri v. United States*, 541 U.S. 600, 609 (2004); *accord Kashem v. Barr*, 941 F.3d 358, 375–76 (9th Cir. 2019). Since Appellant has not alleged a sufficient injury to challenge the term "health care entity," we do not have jurisdiction to examine the merits of Appellant's claim as to that term. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press . . . .").

2. There is no genuine dispute that the text of the statute, combined with OHA's accompanying administrative rules and sub-regulatory guidance, provide sufficient notice of what constitutes a "material change transaction" and how such a transaction will be evaluated. *See Fed. Commc'ns Comm'n v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Nor is there a genuine dispute that the statute does not enable arbitrary and ad hoc enforcement by OHA. *See id.*

The statute provides that a "material change transaction" is a "transaction" where at least one transacting party meets certain revenue thresholds.[2] Or. Rev. Stat. § 415.500(6)(a). "Transaction" includes commonly understood actions like mergers

---

[2] The statute also explicitly disqualifies certain actions as a "material change transaction," including clinical affiliations for the purpose of medical research, transactions that do not affect the control of an entity, and other specific contractual arrangements. Or. Rev. Stat. § 415.500(6)(b).

and acquisitions, *id.* § 415.500(10)(a)–(b), as well as "[n]ew contracts, new clinical affiliations[,] and new contracting affiliations that will eliminate or *significantly reduce*, as defined by [OHA] by rule, *essential services*," *id.* § 415.500(10)(c) (emphases added). OHA has defined by rule what constitutes "[a] significant reduction of services." Or. Admin. R. 409-070-0010(3). The statute defines "essential services" to include, among other things, "[s]ervices that are *essential* to achieve *health equity*." Or. Rev. Stat. § 415.500(2)(b) (emphases added). Appellant's argument is that by leaving "essential" and "health equity" undefined by the statute, this fails to give notice and enables arbitrary and ad hoc enforcement by allowing OHA to define those terms by rule without sufficient legislative guidance. *See id.* § 415.500(5).

First, allowing OHA to define "essential" and "health equity" does not enable the arbitrary and ad hoc enforcement with which the void-for-vagueness doctrine is concerned. *See Sessions v. Dimaya*, 584 U.S. 148, 182 (2018) (Gorsuch, J., concurring in part and concurring in the judgment) (explaining that the void-for-vagueness doctrine is concerned with preventing "judges[,] . . . police[,] and prosecutors" from "assum[ing] legislative power" and "leaving to them the job of shaping a vague statute's contours through their enforcement decisions"); *see also, e.g.*, *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972).

Second, laws regulating purely economic activity are "subject to a less strict vagueness test" in that the presence of accompanying administrative rules, regulations, and sub-regulatory guidance that "sufficiently narrow potentially vague or arbitrary interpretations of the [statute]" weighs *against* a finding of vagueness. *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 498–99, 502, 504 (1982). This is because a "business person of ordinary intelligence would understand" what conduct is prohibited, *id.* at 501, and "the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process," *id.* at 498.

That is the case here. "Health equity" and "[s]ervices that are essential to achieve health equity" are defined by administrative rule. Or. Admin. R. 409-070-0005(18), (28). There are several sub-regulatory guidance documents that explain whether a proposed transaction constitutes a "material change transaction." *See Guidance Documents*, Or. Health Auth., https://www.oregon.gov/oha/hpa/hp/pages/guidance-documents.aspx [https://perma.cc/M84Y-DURL] (last visited June 30, 2025). OHA's rules also provide for an optional, free application to OHA for a determination as to whether a proposed transaction is subject to review. Or. Admin. R. 409-070-0042. Further, a party may also request a pre-filing conference with OHA to preview the transaction and notice requirements and discuss OHA's

5

24-3770

expectations for its review. *Id.* § 409-070-0045(2). The statute is not void for vagueness based on the term "material change transaction."

Nor do the criteria for evaluating a "material change transaction" render the statute void for vagueness. For the preliminary review of a transaction, the statute directs OHA to promulgate by administrative rule criteria for evaluating transactions. Or. Rev. Stat. § 415.501(6). For the comprehensive review, the statute both provides criteria, *id.* § 415.501(9)(a)(A), and directs OHA to promulgate additional criteria by rule, *id.* § 415.501(2), (9). The statute directs that OHA's criteria be consistent with the statute's purpose and intent as stated in Section 414.018, and the goals of the Oregon Integrated and Coordinated Health Care Delivery System as stated in Section 414.570. *Id.* § 415.501(1)–(2). Appellant's argument is that this fails to give notice by leaving criteria undefined by statute and enables arbitrary and ad hoc enforcement by allowing OHA to define criteria without sufficient legislative guidance.

But once again, the statute's plain text, combined with OHA's rules promulgating criteria and its sub-regulatory guidance on how those criteria are applied, provide sufficient notice to weigh against a finding of vagueness. *Hoffman*, 455 U.S. at 498–99, 502, 504. And OHA's administrative process is comprehensive and transparent, as it provides opportunities for pre-submission clarifications, submissions of proposed transactions, preliminary and comprehensive reviews of

those transactions, public comment periods for OHA's proposed decisions, periods for review of those comments before issuing a public order, and challenges to OHA's final orders in Oregon state court by administrative appeal. So, enforcement of the review criteria does not enable the arbitrary and ad hoc enforcement with which the void-for-vagueness doctrine is concerned. *See, e.g.*, *Sessions*, 584 U.S. at 182 (Gorsuch, J., concurring in part and concurring in the judgment); *Grayned*, 408 U.S. at 108–09.

**AFFIRMED.**